IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br>1331 G Street, NW, Suite 200<br>Washington, DC 20005<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>U.S. Department of Homeland Security<br>Privacy Office<br>Washington, D.C. 20528<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, DC 20229<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 12th St SW<br>Washington, DC 20536<br><br>　　　　*Defendants*. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT

1. Plaintiff American Immigration Council ("Plaintiff" or "Council") brings this action against Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection (CBP), and U.S. Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. to compel the disclosure of records regarding CBP and ICE databases to better understand how these agencies store enforcement data.

1

2. DHS employs a complicated and obscure network of databases, information systems, and data sharing methods that are largely shielded from public view. DHS' two primary immigration enforcement agencies—CBP and ICE—use these databases and systems as part of their operations and to store data.

3. To obtain information held by CBP and ICE, individuals must pursue requests under FOIA, one of the few tools the public uses to obtain information that the government does not proactively disclose. Each year, CBP and ICE collectively receive more than 100,000 FOIA requests.

4. Without a clear understanding of the complicated web of databases and record-keeping systems that these agencies maintain, requesters are not able to obtain information efficiently and successfully through FOIA requests. As a result, as a practical matter, important data and information about CBP and ICE operations and enforcement practices are unattainable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Council's principal place of business is in the District of Columbia.

7. The Council filed its FOIA request with Defendant CBP on March 5, 2021 and its request with Defendant ICE on March 15, 2021. Neither CBP nor ICE has made a determination on the request or produced responsive documents. The Council has exhausted its administrative remedies in connection with the requests. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

8. Plaintiff Council is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code. Its principal place of business is at 1331 G Street, NW, Suite 200, Washington, D.C. 20005. The Council was established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens and citizens, and educate the public about the enduring contributions of America's immigrants. Through research and analysis, the Council has become a leading resource for policymakers and opinion makers at the national, state, and local levels who seek to understand the power and potential of immigration and to develop policies that are based on facts rather than myths. The Council seeks to hold the government accountable for unlawful conduct and restrictive interpretations of the law and for failing to ensure that the immigration laws are implemented and executed in a manner that comports with due process through the pursuit of transparency and impact litigation.

9. Defendant DHS is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f). DHS is responsible for enforcing federal immigration laws. Upon information and belief, DHS has possession and control over the records requested by the Council.

10. Defendant CBP is a component agency of DHS and an agency within the meaning of 5 U.S.C. § 552(f). CBP is the largest law enforcement agency in the United States. CBP is the primary agency tasked with enforcement of rules surrounding inspection and admission at the U.S. border and ports of entry. Upon information and belief, CBP has possession and control over the records requested by the Council.

11. Defendant ICE is a component agency of DHS and an agency within the meaning of 5 U.S.C. § 552(f). It is the principal investigative arm of DHS and is charged with criminal and civil enforcement of the immigration laws. Upon information and belief, ICE has possession and control over the records requested by the Council.

## STATUTORY AND REGULATORY BACKGROUND

12. Upon a request for records, FOIA requires an agency to make a determination on a FOIA request, stating whether it will comply with the request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i); 6 C.F.R. § 5.6(c). If unusual circumstances apply, then an agency may request, by written notice, an additional 10 working days to issue its determination. 5 U.S.C. § 552(a)(6)(B)(i).

13. FOIA requires each agency (1) to conduct a search reasonably calculated to uncover all responsive documents; and (2) to promptly make available such responsive records. 5 U.S.C. § 552(a)(3)(A), (C).

14. If an agency fails to comply with the time periods set forth in the statute, then the requester is "deemed to have exhausted his administrative remedies," and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i); (E)(iii).

15. As of the date of this complaint, three months after filing FOIA requests with CBP and ICE, Defendants still have not made a determination on the requests or produced responsive records.

## STATEMENT OF FACTS

16. The public currently faces significant obstacles in accessing immigration data and records. CBP and ICE's record-keeping methods are not well known and contribute to ineffective requests uninformed by agency record-keeping practices. Disclosure of the requested

information will advance the general public's understanding of the data and records the agency maintains and how to access them, resulting in a greater public awareness and understanding of the operations of our nation's immigration enforcement agencies.

17.     CBP and ICE are just two of DHS' twenty-two component agencies yet receive nearly one-third (29 percent) of the Department's budget outlay. The operations and actions, including enforcement activities, of CBP and ICE are significant and impact the public. In Fiscal Year (FY) 2020, ICE Enforcement and Removal Operations (ERO) conducted more than 100,000 arrests for administrative violations of immigration laws. U.S. Border Patrol, part of CBP, reported 859,501 total apprehensions in FY 2019, the most recent year with data available on CBP's website. Arrests and other encounters with immigration enforcement agencies affect communities and families, in addition to the person targeted. CBP and ICE Enforcement and Removal Operations (ERO) arrests led to nearly 183,000 book-ins to ICE custody in FY 2020.

18.     Despite the large staff and extensive enforcement efforts of the two agencies, their commitment to timely, public disclosure is lacking. The CBP and ICE Information Libraries and FOIA resource pages provide limited updated information and do not make information about their databases available. Separately, DHS lists System of Records Notices (SORNs) and Privacy Impact Assessments (PIAs) for all component agencies. However, these notices do not describe the full scope of information and/or records maintained in a database or system. Furthermore, a SORN and/or PIA is not required for every database used. As a result, the public must rely heavily on accountability mechanisms such as FOIA. Too often FOIA requests to CBP and ICE are duplicative or ineffective. The information Plaintiff seeks from CBP and ICE would enhance the public's understanding of agency operations and ability to submit more specific and effective

requests for information. In the end, this supports both the public interest and the agencies' FOIA operations.

### *The Council's CBP FOIA Request*

19. Plaintiff Council submitted a FOIA request to CBP on March 5, 2021 seeking CBP's Corporate Data Dictionary, which includes standard terms and definitions used in CBP data, and a list of all CBP databases. The FOIA request is attached as Exhibit A.

20. CBP acknowledged receipt of the request on March 8, 2021 and requested an additional 10 days beyond the 20 working days under the FOIA statute to comply with the FOIA request. 5 U.S.C. § 552(a)(6)(B); 6 C.F.R. §5.5(c). A copy of CBP's letter is attached as Exhibit B.

21. On March 8, 2021, CBP sent an electronic message to the Council stating that the Plaintiff's request for fee waiver for the FOIA request was granted in full. (Exhibit C).

22. Plaintiff called CBP on April 15, 2021 and no one answered. Plaintiff left a message requesting the status of the FOIA request. CBP called Plaintiff on April 16, 2021 and stated that there was no progress or update.

23. If CBP's receipt date of March 8, 2021 is used to calculate the period for responding to the FOIA, CBP's thirty days expired on April 19, 2021.

24. Plaintiffs have not received any communication or other response to the FOIA request since April 16, 2021.

### *The Council's ICE FOIA Request*

25. Plaintiff Council submitted a FOIA request to ICE on March 15, 2021 seeking ICE Law Enforcement Systems and Analysis (LESA) Division presentations on ICE databases

and a list of all ICE databases. Plaintiff also requested the tables and fields contained in the Enforcement Integrated Database (EID) and the codebook for the EID. (Exhibit D).

26. Plaintiff sent electronic messages to ICE on March 22, 2021, March 29, 2021, and April 15, 2021, seeking acknowledgement from ICE. No responses to the emails were received.

27. On May 4, 2021, Plaintiff contacted the FOIA Public Liaison for assistance in reaching ICE and obtaining a letter acknowledging Plaintiff's March 15, 2021 FOIA request. On May 12, 2021, the FOIA Public Liaison informed us of ICE intake delays and stated that the agency had logged and acknowledged the requests.

28. ICE subsequently submitted an acknowledgement letter to Plaintiff stating that the ICE FOIA Office "received" the request on May 4, 2021. ICE invoked a 10-day extension to respond. 5 U.S.C. § 552(a)(6)(B); 6 C.F.R. §5.5(c). (Exhibit E).

29. Plaintiff sent a message through DHS' FOIA Public Access Portal on May 5, 2021 alerting ICE that the agency's on-line system did not contain Plaintiff's complete FOIA request and that the agency still had not responded to Plaintiff's fee waiver request.

30. Plaintiff sent another electronic message to ICE on May 24, 2021 asking ICE to confirm that the full FOIA request was received in the system and for an update about the request for fee waiver. Plaintiff has not received a response to date.

31. Phone calls to ICE on April 15, 2021, May 4, 2021, and June 10, 2021 were routed to an automated message line with no space to take messages.

32. If ICE's receipt date, May 4, 2021—a date nearly two months after the electronic submission of the FOIA to ICE—is used to calculate the period for responding to the FOIA, ICE's thirty days expired on June 15, 2021.

7

33.     Plaintiffs have not received any communication or other response to the FOIA request since May 4, 2021.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Timely Respond

34.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35.     Plaintiff properly requested records within the possession, custody, and control of Defendants.

36.     Defendants are obligated to make a determination on Plaintiff's FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has a legal right to a timely response to the FOIA requests and no legal basis exists for Defendants' failure to respond.

37.     Defendants' failure to timely respond to Plaintiff's FOIA requests violates FOIA.

## COUNT 2
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search for Responsive Records

38.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39.     Plaintiff properly requested records within the possession, custody, and control of Defendants.

40.     Defendants are agencies subject to FOIA and therefore must make reasonable efforts to search for requested records and to promptly make the requested records available. U.S.C. § 552(a)(3)(C).

41.     Defendant's failure to conduct an adequate search for responsive records violates FOIA.

## COUNT 3
### Violation of FOIA, 5 U.S.C. § 552
### for Improper Withholding of Non-Exempt Responsive Records

42. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

43. Plaintiff properly requested records within the possession, custody, and control of Defendants.

44. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any records.

45. Defendants' failure to provide all non-exempt responsive records violates FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

(1) Declare that Defendants CBP and ICE have failed to timely respond to Plaintiff's requests for agency records in violation of FOIA;

(2) Order Defendants to conduct a reasonable search for records responsive to Plaintiff's FOIA requests;

(3) Order Defendants to produce, within 20 days of the Court's order, or by a date deemed appropriate by the Court, non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of responsive records pursuant to FOIA exemptions;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(5) Award Plaintiff reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 17, 2021                                Respectfully submitted,

*/s/ Emily Creighton*

Emily Creighton (Bar No. 1009922)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7514 (phone)
(202) 742-5619 (fax)
ecreighton@immcouncil.org

*Counsel for Plaintiff*