UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-1642 (TSC) |

## ANSWER

Defendants the U.S. Department of Homeland Security ("DHS") and its component departments, the U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff the American Immigration Council.[1] Defendants expressly deny all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. Defendants admit that Plaintiff purports to bring this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

---

[1] To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

2. Paragraph 2 contains Plaintiff's characterization of this action and DHS components, to which no response is required. To the extent a response is required, Defendants deny.

3. Paragraph 3 contains Plaintiff's characterizations of this action and the FOIA process, to which no response is required. To the extent the paragraph claims CBP and ICE do not proactively provide tools for public uses to obtain information, CBP and ICE deny. The remainder of the paragraph is Plaintiff's characterization of FOIA requests to CBP and ICE, to which no response is required.

4. Paragraph 4 contains Plaintiff's characterization of this action and the FOIA process, to which no response is required. To the extend a response is required, Defendants deny.

## JURISDICTION AND VENUE[2]

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction to hear FOIA actions.

6. Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper.

7. Defendant CBP admits that Plaintiff submitted a FOIA request to CBP on March 5, 2021, and Defendant ICE admits that Plaintiff submitted a FOIA request to ICE on March 15, 2021. ICE and CBP admit that they have not produced responsive documents in response to these

---

[2] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2

FOIA requests to date. The remainder of this paragraph consists of legal conclusions regarding exhaustion of administrative remedies to which no response is required.

## PARTIES

8. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 8, which consists of Plaintiff's description of itself.

9. Defendants admit the allegations in the first two sentences of paragraph 9. With respect to the final sentence of paragraph 9, Defendant DHS lacks sufficient information to either admit or deny the allegation that it has possession and control over all the records requested by the Counsel.

10. Defendants admit the allegations in the first three sentences of paragraph 10. With respect to the final sentence of paragraph 10, Defendant CBP lacks sufficient information to either admit or deny the allegation that it has possession and control over all the records requested by the Counsel.

11. Defendants admit the allegations in the first two sentences of paragraph 11. With respect to the final sentence of paragraph 11, Defendant ICE lacks sufficient information to either admit or deny the allegation that it has possession and control over all the records requested by the Counsel.

## STATUTORY AND REGULATORY BACKGROUND

12. Paragraph 12 consists of Plaintiff's characterization of the FOIA, to which no response is required.

13. Paragraph 13 consists of Plaintiff's characterization of the FOIA, to which no response is required.

14. Paragraph 14 consists of Plaintiff's characterization of the FOIA, to which no response is required.

15. Defendants admit that they have not produced any documents responsive to Plaintiff's requests, but deny the allegation that they have not made a determination on the requests. Defendant CBP avers that it is still conducting searches and that potentially responsive documents may be protected from production pursuant to one or more FOIA exemptions. Defendant ICE avers that it is still conducting searches and that potentially responsive documents may be protected from production pursuant to one or more FOIA exemptions.

## STATEMENT OF FACTS

16. Paragraph 16 consists of Plaintiff's characterization of the importance of the information sought in its FOIA requests, to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. Paragraph 17 consists of allegations of fact not relevant to Defendants' processing of the FOIA requests at issue in this litigation, to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. Paragraph 18 consists of Plaintiff's characterization of the importance of the information sought in its FOIA requests as well as allegations of fact not relevant to Defendants' processing of the FOIA requests at issue in this litigation, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### The Council's CBP FOIA Request

19. CBP admits the allegations contained in paragraph 19 and respectfully refers the Court to Plaintiff's March 5, 2021, FOIA request for a full and accurate depiction of its contents.

20. CBP admits the allegations contained in paragraph 20 and respectfully refers the Court to CBP's March 8, 2021, letter for a full and accurate depiction of its contents.

21. Defendant admits the allegations contained in paragraph 21 and respectfully refers the Court to CBP's March 8, 2021, electronic message for a full and accurate depiction of its contents.

22. Defendant CBP lacks sufficient information to either admit or deny the allegations contained in paragraph 22. CBP avers that after a diligent search it has not identified any records regarding Plaintiff's alleged voice message on April 15, 2021, nor has CBP identified any individual to whom Plaintiff claims to have spoken on April 16, 2021.

23. Paragraph 23 consists of a legal conclusion, to which no response is required. To the extent a response is required, CBP admits that April 19, 2021 is thirty days after March 8, 2021.

24. CBP denies the allegations contained in paragraph 24.

### The Council's ICE FOIA Request

25. Defendant ICE admits the allegations contained in paragraph 25 and respectfully refers the Court to Plaintiff's March 15, 2021, FOIA request for a full and accurate depiction of its contents.

26. Admit.

27. Admit.

28. Defendant ICE admits the allegations contained in paragraph 28 and respectfully refers the Court to Defendant's May 4, 2021, acknowledgement letter for a full and accurate depiction of its contents.

29. Admit.

30. Admit.

31. Defendant ICE lacks sufficient information to either admit or deny the allegations contained in paragraph 31.

32. Admit.

33. Admit.

**COUNT 1**
**Violation of FOIA, 5 U.S.C. § 552**
**For Failure to Timely Respond**

34. Defendants repeat the responses in the foregoing paragraphs and incorporate them as though fully set forth herein.

35. Defendants admit that Plaintiff submitted the FOIA requests at issue in this litigation, but aver that before they have completed their searches in response to these requests, CBP and ICE can neither admit nor deny that all of the requested records are within the internal possession, custody, and control of CBP and ICE.

36. Paragraph 36 consists of legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff is entitled to responses to its FOIA requests, but denies the remainder of this allegation.

37. Paragraph 37 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegation.

## COUNT 2
## Violation of FOIA, 5 U.S.C. § 552
## For Failure to Conduct an Ad
## equate Search for Responsive Records

38. Defendants repeat the responses in the foregoing paragraphs and incorporate them as though fully set forth herein.

39. Defendants admit that Plaintiff submitted the FOIA requests at issue in this litigation, but aver that before they have completed their searches in response to these requests, CBP and ICE can neither admit nor deny that all of the requested records are within the internal possession, custody, and control of CBP and ICE.

40. Defendants admit the allegation in paragraph 40, subject to determining whether any of the requested records are exempt under FOIA.

41. Paragraph 41 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegation.

## COUNT 3
## Violation of FOIA, 5 U.S.C. § 552
## For Improper Withholding of Non-Exempt Responsive Records

42. Defendants repeat the responses in the foregoing paragraphs and incorporates them as though fully set forth herein.

43. Defendants admit that Plaintiff submitted the FOIA requests at issue in this litigation, but aver that before they have completed their searches in response to these requests, CBP and ICE can neither admit nor deny that all of the requested records are within the internal possession, custody, and control of CBP and ICE.

44. Defendants admit the allegations in paragraph 44.

45. Paragraph 45 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegation.

## PRAYER FOR RELIEF

The remainder of Plaintiff's complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

## FIRST DEFENSE

Defendants have, and continue to, search for the documents requested by Plaintiff. Upon locating responsive documents, Defendants must determine whether any of the documents or information contained therein are exempt from production under FOIA.

## SECOND DEFENSE

The Court lacks jurisdiction to award relief that exceeds that authorized by the FOIA.

## THIRD DEFENSE

Certain of the information sought by Plaintiff may be exempt from release under one or more exemptions of the FOIA. Non-exempt records will be produced as those are identified.

## FOURTH DEFENSE

Defendant CBP has not identified any non-exempt records responsive to Plaintiff's FOIA request and therefore has not withheld any responsive records.

**FIFTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.


Dated: September 4, 2021	Respectfully submitted,

　　　　　　　　　　　　　　　　　CHANNING D. PHILLIPS
　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　Acting Chief, Civil Division

　　　　　　　　　　　　　　　By: /s/ Diana V. Valdivia
　　　　　　　　　　　　　　　　　DIANA V. VALDIVIA
　　　　　　　　　　　　　　　　　D.C. Bar #1006628
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　(202) 252-2545
　　　　　　　　　　　　　　　　　diana.valdivia@usdoj.gov

　　　　　　　　　　　　　　　　　*Counsel for Defendants*